Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3769 | **DATE** | 12/17/2003 |
| **CASE TITLE** | Burton vs. Lin - Dar Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___.

(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.

(4) ☐ Ruling/Hearing on ___ set for ___ at ___.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.

(7) ☐ Trial[set for/re-set for] on ___ at ___.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, defendants Lin-Dar, Inc and Steven Weitzman's motion to dismiss [6-1] and defendant Rendered Service, Inc.'s motion to dismiss [4-1] are granted. Plaintiff is granted leave to file an amended complaint, if any, within fourteen days of this order only if he can do so consistent with his obligation under FRCP 11. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 15 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 03 DEC 17 PM 2:4_ | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARCHIE L. BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 3769 |
| v. ) | |
| ) | Judge John W. Darrah |
| LIN-DAR, INC.; STEVEN L. WEITZMAN, ) | |
| individually and in his official capacity; ) | |
| RENDERED SERVICES, INC.; and ) | |
| JOHN DOE No. 1, individually and in his or ) | |
| her official capacity, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
DEC 1 8 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Archie L. Burton, filed suit, *pro se*, against Defendants, alleging violations of 42 U.S.C. § 1983, civil conspiracy in violation of Sections 1983 and 1985(3), conversion, and "negligent intentional infliction of emotional distress." Presently pending before the Court is Lin-Dar, Inc. and Steven Weitzman's Motion to Dismiss and Rendered Service Inc.'s Motion to Dismiss.

A reading of Burton's Complaint, including the documents attached to the Complaint, support the following summary of the alleged operative conduct of the parties.

In March 2001, Burton entered into an "Agreement" with Lin-Dar to store his 1953 Mercedes Benz at Lin-Dar. Burton was to pay Lin-Dar $150.00 per month in advance on the first day of each month for said storage. The Agreement provided that Lin-Dar would provide Burton a key and a remote control opener for an overhead door to access the storage facility.

The Agreement also provided that the Agreement granted a month-to-month license that could be terminated by either party at any time. In the event that Burton failed to pay the

/5

monthly license fee on or before the 5th day of the month, the vehicle "shall be towed from the premises by Rendered Services, Inc."

In a correspondence dated May 31, 2001, Burton advised Weitzman that he did not have the remote control opener for entry into the storage facility. Burton also stated that his mother had previously sent checks when Burton was out of town. Burton also wrote that, per a previous letter, Burton had informed Weitzman that he would be paying his rent either quarterly or every six months.

On September 6, 2001, while no payment was due to Lin-Dar, Weitzman instructed Rendered Services to tow Burton's vehicle from the storage facility. Rendered Services, through its principal, John Doe, towed Burton's vehicle and the personal property within said vehicle from the storage facility.

In a correspondence dated September 7, 2001, Weitzman informed Burton that, in accordance with their September 6, 2001 telephone conversation, Burton's vehicle was towed from the storage facility by Rendered Services.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain", and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

2

In Count I, Burton alleges that Lin-Dar and Weitzman violated his Fourth and Fourteenth Amendment rights by towing his vehicle without giving him prior notice and seizing his vehicle and his personal property within the vehicle in violation of 42 U.S.C. § 1983. In Count II, Burton alleges that Rendered Services and John Doe violated his Fourth and Fourteenth Amendment rights by towing his vehicle without giving him prior notice and seizing his vehicle and his personal property within the vehicle in violation of 42 U.S.C. § 1983. In Count III, Burton alleges that all of the Defendants violated his equal protection rights by towing his vehicle without giving him prior notice and seizing his vehicle and his personal property within the vehicle in violation of 42 U.S.C. § 1983. In Count IV, Burton alleges that all of the Defendants conspired to deprive Burton of his Constitutional rights by agreeing to tow his vehicle in violation of 42 U.S.C. §§ 1983 and 1985(3). Burton's remaining state law claims, based on supplemental jurisdiction, are for conversion and "negligent intentional infliction of emotional distress" are also based on the towing of Burton's car.

A Section 1983 cause of action requires a plaintiff to plead that he was deprived of a right secured by the Constitution or a federal law at the hands of someone acting under color of law. *See Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000). The requirement that someone act "under color of law", also referred to as "state action", "preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (*Lugar*). Accordingly, the alleged conduct causing the deprivation of a federal right must be fairly attributable to the State. *Lugar*, 457 U.S. at 937. To be fairly attributable to the State, the deprivation must (1) be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a

person for whom the State is responsible and (2) the party charged with the deprivation must be fairly said to be a state actor. *Lugar*, 457 U.S. at 937. An individual may be considered a state actor if he is a state official, if he has acted together with or has obtained significant aid from state officials, or if his conduct is otherwise chargeable to the State. *Lugar*, 457 U.S. at 937.

In the instant case, Burton alleges that his vehicle was towed as "self-help" and not by "process [of] any order of court, or other lawful or judicial process." Burton also attached the "agreement" between Burton and Lin-Dar that provided that his vehicle could be towed by Rendered Services if rent was not timely paid. There are no allegations that the vehicle was towed by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible as required for a Section 1983 action. *See Lugar*, 457 U.S. at 937. In fact, the quoted allegations and the "Agreement" support the opposite conclusion.

Furthermore, Burton has not sufficiently pled that any of the Defendants are state officials, acted with or obtained significant aid from state officials or that their conduct be chargeable to the State. All of the Defendants are private entities, and there are no allegations that any of them acted with or obtained significant aid from the state officials. Again, the above-quoted allegations and the "Agreement" actually plead the opposite. Accordingly, Burton has failed to plead the alleged deprivation was caused by a state actor. *See Lugar*, 457 U.S. at 937.

Based on the above, Burton has failed to sufficiently plead any Section 1983 claims, and such claims are dismissed without prejudice.

A Section 1985(3) claim requires the plaintiff to plead "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

4

*Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (*Griffin*). The class-based invidiously discriminatory animus requirement is narrowly construed to prevent Section 1985 from being converted into a "general federal tort law." *Griffin*, 403 U.S. at 102. Purported classes include those based on race, ethnic origin, sex, religion, and political loyalty. *See Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 203 (1985).

Here, Burton has failed to allege any racial or otherwise class-based invidiously discriminatory animus behind the alleged conspirators' actions. Accordingly, Burton has failed to sufficiently plead a Section 1985(3) action.

Based on the above, all of Burton's federal claims are dismissed without prejudice. In the absence of a valid federal claim, Burton's remaining state law claims are dismissed for lack of pendent jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983).

For the reasons stated above, the Defendants' Motions to Dismiss are granted. Burton's Complaint is dismissed without prejudice. Burton is granted leave to file an amended complaint, if any, within fourteen days of this Order only if he can do so consistent with his obligations under Fed. R. Civ. Proc. 11.

Dated: November 17, 2003

JOHN W. DARRAH
United States District Judge

5